

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00157-CV
_____

RAY HILL, APPELLANT

V.

THE STATE OF TEXAS, ET AL., APPELLEES

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-13-003450; Honorable Lora J. Livingston, Presiding

July 9, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Ray Hill, an inmate proceeding *pro se* and *in forma pauperis*, filed a notice of appeal in the Third Court of Appeals complaining of the trial court's dismissal of his various complaints against Appellees. His appeal was then transferred to this

court by the Texas Supreme Court pursuant to its docket equalization efforts.[1]  TEX. GOV'T CODE ANN. § 73.001 (West 2013).

By letter dated May 12, 2015, Appellant was advised that his *Pauper's Oath* did not comply with Rule 20.1(b) of the Texas Rules of Appellate Procedure and that his *Prior Litigation* filing did not comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code.

Chapter 14 requires that an *Affidavit Relating to Previous Filings* be filed separate from an *Affidavit of Indigence*.  That affidavit must identify each action, other than an action under the Family Code, previously brought by the inmate, regardless of whether the person was an inmate at the time the action was brought.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1) (West Supp. 2014).  Section 14.004(a)(2) requires an inmate to describe previous litigation by stating the operative facts for which he sought relief, list the case name, cause number, and court in which the case was brought, identify each party, and state the result of the action.  Chapter 14 also requires an inmate to file a certified copy of his inmate account statement with an affidavit of indigence or unsworn declaration of inability to pay costs.  *See id.* at § 14.004(c).

Appellant's *Prior Litigation* filing provides only that he has "one prior civil rights cause filed against the wrongful conviction" from his sentence which he asserts was dismissed "without a timely dismissal written, based upon a verbal order in the 126th, Travis County, same as a habeas due to fact my habeas causes were ineffective . . . ."

---

[1] We are unaware of any conflict between precedent of the Third Court of Appeals and that of this court on any relevant issue.  TEX. R. APP. P. 41.3.

Appellant has also failed to provide a copy of his trust account statement, certified or otherwise.

Appellant has been given ample time to cure defects in pursuing this appeal and has yet to comply. Additionally, the appellate record was due to be filed on or before April 13, 2015, and no extension motions have been filed.

Pending in this appeal is a sundry of motions filed by Appellant requesting a writ of error, disclosures, and discovery. He also alleges unconstitutional application of House Bill 1690, unconstitutional transfer of this appeal, unconstitutional application of retaliations for exercising his rights to access the courts as well as retaliation for being a whistleblower. All pending motions are denied.

Appellant's appeal is dismissed for failure to comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code.

Per Curiam